## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Laron Johnson, | Case No. 22-cv-1976 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| MCF–Moose Lake, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Eugene Laron Johnson's (1) filing titled "42 U.S.C. 1983 Complaint," Dkt. No. 1 (Complaint); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. No. 3 (IFP Application). For the following reasons, the Court grants the IFP Application, recommends dismissal of parts of the Complaint, and orders Johnson to provide certain service-related information for the remaining Defendants.

## FINDINGS OF FACT

This action commenced on August 8, 2022, when the Court received the Complaint. *See* Compl. 1.[1] Johnson is presently incarcerated at the Minnesota Correctional Facility in Moose Lake, Minnesota (MCF–Moose Lake); the Complaint concerns events arising during his imprisonment. *See id.* at 1–3.

The Complaint names seven Defendants. *See id.* MCF–Moose Lake, as suggested above, is a prison facility. Marc Magnuson, Rich Skoglund, Crystal Hanson, Kristin Rish, and "Warden Collins" all presumably work at MCF–Moose Lake. *See id.* "O.S.I." apparently refers to the Minnesota Department of Corrections's (MDOC's) Office

---

[1] All citations to filed materials in this Report and Recommendation use the pagination provided by the Court's CM/ECF filing system.

of Special Investigations. *See id.* at 3. Johnson states that he is suing all defendants "in their personal capacities."[2] *Id.*

Johnson alleges that on July 15, 2022, another MCF–Moose Lake inmate "physically assaulted" him. *Id.* at 1.[3] Johnson alleges that he "defended [himself] in response. *Id.* At some point, Chris Ripley (apparently another MDOC employee at MCF–Moose Lake) "picked [Johnson] up off the ground and calmed [him] down to be handcuffed" and taken to his cell in a segregation unit. *Id.* Johnson alleges that three days later, Magnuson (a sergeant) came to his cell and offered Johnson a "waiver of [his] Offender Rights" concerning the incident; under this arrangement, Johnson purportedly would spend 30 days in administrative segregation and authorities would then transfer him to "a level 4 MCF-Facility." *Id.* Johnson declined this offer—he contends that he was "willing to accept responsibility" for certain infractions, but "refused to admit to a 411 Assault of Staff" infraction, which he characterizes as a "major" infraction. *Id.* at 2. Johnson alleges that Magnuson "got mad" when Johnson indicated that he wanted to have a hearing about the July 15 incident. *Id.*

According to Johnson, that hearing—conducted by Magnuson—took place on July 26, 2022. *See id.* Johnson asserts that Magnuson denied him various procedural

---

[2] Strictly speaking, this statement cannot be true for Defendants MCF–Moose Lake and O.S.I.: those entities are not individuals whom one could sue in an individual capacity. Given the Court's obligation to construe *pro se* filings liberally, *see, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court assumes that Johnson really does seek to sue Defendants MCF–Moose Lake and O.S.I., but is trying to press official-capacity claims against both entities.

[3] Johnson attached about ten pages of exhibits to the Complaint, and has since submitted six more pages of exhibits as well. *See* Dkt. Nos. 1-1, 4-1; *cf.* Dkt. No. 5 (consisting of additional copy of exhibits at Dkt. No. 4-1). As the Court has already warned Johnson, it will not review these materials to find allegations or causes of action for the Complaint. *See* Dkt. No. 6 at 3 n.2 ("[I]t is Johnson's job—not the Court's—to draft his complaint." (citing cases)).

protections during this hearing: specifically, there was no "impartial hearing officer," Johnson could not present "relevant physical evidence," he could not present testimony from certain witnesses (including Ripley), authorities would not let Johnson access "the Department of Corrections Discipline Policy," and authorities also denied Johnson the ability to view relevant "surveillance footage." *Id.*

Johnson alleges that Magnuson discriminated against him (Johnson) because of Johnson's "race, age, sex, and mental disability." *Id.* He contends that Magnuson "intentionally failed to request restitution or extended incarceration as a sanction" for the 400-level infraction ostensibly at issue in the hearing *Id.* Johnson appears to allege that Magnuson offered another MCF–Moose Lake inmate extended incarceration "for a way less offense"; he also alleges that Magnuson "has a long history of getting Black African American offenders transferred out of MCF–Moose Lake" based on "[f]ake/bogus" disciplinary actions. *Id.* at 2–3.

Johnson further alleges that Defendant Skoglund (a lieutenant) is Magnuson's supervisor, and that he "failed to properly train and supervise [Magnuson]," leading to Magnuson's misconduct. *Id.* at 3. Johnson also asserts that Skoglund let Magnuson "alter a 411 [infraction] to a 'minor,'" presumably meaning a minor infraction, *see id.*; as the Court understands it, the idea here is that this modification may have let the relevant disciplinary proceedings occur with fewer procedural protections for Johnson. In a similar vein, Johnson alleges that Defendant Hansen (a captain) "refused to tell [Johnson] how a 411 [infraction] is a 'Minor' . . . intentionally causing extreme emotional distress" by, as the Court understands it, "lying" and saying that "everything was done according to policy." *Id.*

As for O.S.I., Johnson contends that it "failed to investigation" Johnson's concerns about other Defendants' conduct. *Id.* Finally, Johnson alleges that Defendant Collins, MCF–Moose Lake's warden, "allowed all of his staff to violate DOC [p]olicy . . . and violate" Johnson's rights under the U.S. Constitution's Eighth Amendment. *Id.*

For relief, Johnson requests $84 million in punitive damages. *See id.*

## CONCLUSIONS OF LAW

### I.   Standard of Review

Rather than pay this action's filing fee, Johnson elected to apply for *in forma pauperis* (IFP) status. *See* IFP Appl. From review of the IFP Application, the Court concludes that Johnson qualifies financially for IFP status. Under the statute governing IFP proceedings, however, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(B).

Furthermore, the Complaint establishes that Johnson is a prisoner who is "seek[ing] redress from a governmental entity or officer or employee of a governmental entity." The Complaint is thus also subject to 28 U.S.C. § 1915A. Section 1915A creates a screening mechanism like that of § 1915: under § 1915A, courts are to review a prisoner's complaint and "dismiss [it], or any portion of [it], if [it] . . . is frivolous, malicious, or . . . seeks monetary relief from a defendant who is immune from such relief."

With respect to frivolity, the U.S. Supreme Court has stated that a case is frivolous "where it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Williams v. Hopkins*, 130 F.3d 333, 335 (8th Cir. 1997) (quoting *Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir.

4

1994)).  Courts in this District—including this one—have repeatedly held that a case lacks an arguable basis in fact—so is frivolous—as to a defendant when the complaint lacks any allegations about that defendant.  *See Billups v. Minn. Dep't of Corr.*, No. 19-CV-2581, 2021 WL 1795691, at *5 (D. Minn. Feb. 18, 2021) (citing case), *report and recommendation adopted*, 2021 WL 1625656 (D. Minn. Apr. 27, 2021); *see also, e.g.*, *Stanton v. Gomey Allenberg & O'Reilly, PC*, No. 22-CV-1706, 2022 WL 3108027, at *2 (D. Minn. Aug. 4, 2022) (making same point (citing cases)).

In addition to these screening mechanisms provided by §§ 1915 and 1915A, Federal Rule of Civil Procedure 12(h)(3) dictates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Though the rule speaks in terms of actions, courts can also dismiss portions of actions when subject-matter jurisdiction is lacking.  *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 813–14 (8th Cir. 1998) (discussing lack of jurisdiction over portion of action and remanding part of case accordingly); *Cox v. Comm'r of Dep't of Hum. Servs.*, No. 19-CV-1956, 2020 WL 1049114, at *4 (D. Minn. Jan. 31, 2020) (dismissing portion of complaint due to jurisdictional issues), *report and recommendation adopted*, 2020 WL 1043711 (D. Minn. Mar. 3, 2020).

**II.   Claims Against Kristin Rish**

The Court will first address the Complaint's purported claims against Defendant Kristin Rish.  The Complaint names Rish as a defendant, but has no substantive allegations concerning her.  *See* Compl. 1–3.  Given the standards discussed above, the Court concludes that the Complaint's claims against Rish should be dismissed as frivolous.

### III.  Claims Against MCF–Moose Lake

As noted above, Johnson names MCF–Moose Lake as a Defendant.  This is a nonstarter: jails and correctional facilities are not themselves entities amenable to suit. *See, e.g.*, *De La Garza v. Kandiyohi Cnty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (citing cases); *Ward v. Minn. Dep't of Hum. Servs.*, No. 21-CV-2504, 2022 WL 447230, at *2 (D. Minn. Jan. 5, 2022) (same), *report and recommendation adopted*, 2022 WL 445875 (D. Minn. Feb. 14, 2022), *aff'd*, No. 22-1398, 2022 WL 3639423 (8th Cir. Apr. 28, 2022); *Andrews v. Brott*, No. 20-CV-0980, 2022 WL 1542137, at *5 (D. Minn. Mar. 23, 2022) (citing *De La Garza*), *report and recommendation adopted,* 2022 WL 1541590 (D. Minn. May 16, 2022).  The Court thus finds that the Complaint's claims against MCF–Moose Lake should be dismissed as frivolous.

### IV.  Claims Against O.S.I.

As to Defendant O.S.I., the Court again observes that this appears to refer to the MDOC's Office of Special Investigations.  It is unclear to the Court whether a subunit of a state executive agency is an entity amenable to suit.[4]  But the Court can bypass that issue here.  Given the need to review a pro se litigant's pleading liberally, the Court assumes that even if Johnson cannot sue O.S.I. itself, he might simply mean here to sue the MDOC, or indeed the State of Minnesota itself.  It makes little difference, for on any construction of the claims, the Court lacks jurisdiction over them.

---

[4] *See, e.g., Thompson v. Minnesota Dep't of Corrections St. Cloud Legal Mail*, No. 22-CV-0445, 2022 WL 2195352, at *2 (D. Minn. May 27, 2022) (suggesting that correctional-facility mailroom is not amenable to suit), *report and recommendation adopted*, 2022 WL 2195331 (D. Minn. June 17, 2022); *Sufka v. Health Servs. Dep't of Corr.*, No. 08-CV-0338, 2008 WL 2986252, at *3 (D. Minn. July 31, 2008) (making similar point in case naming "Health Services Department of Corrections" as defendant); *McDonald v. Blake*, No. 4:07-CV-215-FRB, 2007 WL 1101221, at *2 (E.D. Mo. Apr. 5, 2007) (making similar point in case naming "Missouri Sexual Offender Treatment Center" as defendant).

The relevant issue here is state sovereign immunity under the U.S. Constitution's Eleventh Amendment. The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI. While the Amendment uses the phrase "another State" here, it is black-letter law that unconsenting States are also immune from federal suits brought by their own citizens. *See, e.g.*, *PennEast Pipeline Co., LLC v. New Jersey*, 141 S. Ct. 2244, 2258 (2021) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)). And the issue is jurisdictional: the Eleventh Amendment deprives the federal courts of subject-matter jurisdiction over claims against an unconsenting state. *See, e.g.*, *Sossamon v. Texas*, 563 U.S. 277, 284 (2011) (quoting *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)); *Bethune v. Minnesota*, No. 21-CV-2673, 2021 WL 5964540, at *1 (D. Minn. Dec. 16, 2021) (citing cases).[5]

Nothing in the Complaint suggests that Minnesota has consented to suits like this one. The Court therefore lacks subject-matter jurisdiction over any claims against O.S.I., and so the Court recommends dismissing these claims without prejudice.

## V.     Remainder of the Case

After the above analysis, what remains of this case is the Complaint's claims against Defendants Magnuson, Skoglund, Hansen, and Collins. The Court will thus order Johnson to provide certain service-related information so that service on these

---

[5] Relevant here, given the confusion over just whom Johnson means to sue by naming O.S.I., this jurisdictional limit is not limited to claims against states; it extends to claims against state agencies as well. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (citing cases); *Rogan v. Minneapolis Dep't of Corr. Facility*, No. 19-CV-1880, 2020 WL 3052561, at *5 (D. Minn. May 6, 2020) (citing cases), *report and recommendation adopted*, 2020 WL 3047646 (D. Minn. June 8, 2020)

7

Defendants may proceed. The analysis above is without prejudice to these Defendants, following service, answering or otherwise responding to the Complaint in any way permitted by the Federal Rules of Civil Procedure.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDRED**:

1. The application to proceed *in forma pauperis* of Plaintiff Eugene Laron Johnson, Dkt. No. 3, is **GRANTED**.

2. Johnson must submit a properly completed Marshal Service Form (Form USM-285) for each Defendants Marc Magnuson, Rich Skoglund, Crystal Hansen, and Warden Collins. If Johnson does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend dismissing the rest of this action without prejudice for failure to prosecute. Marshal Service Forms will be provided to Johnson by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Magnuson, Skoglund, Hansen, and Collins (in their individual capacities), consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4. If a defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver-of-service form. *See* Fed. R. Civ. P. 4(d)(2).

5. Johnson must pay the unpaid balance—specifically, $340.00—of this action's statutory filing fee in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Johnson is confined.

## RECOMMENDATION

For the reasons set forth above, the Court **RECOMMENDS** that:

1. The claims against Defendants Kristin Rish and MCF–Moose Lake within Plaintiff Eugene Laron Johnson's filing titled "42 U.S.C. 1983 Complaint," Dkt. No. 1 (Complaint), be **DISMISSED** without prejudice as frivolous.

2. The Complaint's claims against Defendant O.S.I. be **DISMISSED** without prejudice for lack of jurisdiction.

Dated: October 4, 2022         \_\_\_\_s/David T. Schultz\_\_\_\_
                               DAVID T. SCHULTZ
                               U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).