UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eugene Laron Johnson, | Civ. No. 22-1976 (JWB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| Sergeant Marc Magnuson, Lieutenant Rich Skoglund, Captain Crystal Hansen, Warden Brian Collins, Dianne, and Courtney, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David T. Schultz dated August 3, 2023, which recommends dismissing this matter without prejudice based on Plaintiff Eugene Laron Johnson's failure to prosecute his case. (Doc. No. 35.)

Prior to the R&R, in February 2023, the Court referred Mr. Johnson to the Pro Se Project to possibly consult with an attorney. (Doc. No. 32.) After the referral, the Court granted Mr. Johnson's request for an extension to file a response to Defendants' motion to dismiss. (*See* Doc. Nos. 33–34.) The extension order was mailed to Mr. Johnson's address on record but returned as undeliverable with no forwarding address available. The extension eventually expired, and Mr. Johnson had filed neither a response to Defendants' motion, an updated address, nor a notice of appearance of counsel. Judge Schultz issued the R&R, which was eventually mailed to a different address for Mr. Johnson provided by his probation officer. Mr. Johnson filed an objection to the R&R on

August 24, 2023. (Doc. No. 36.)

The portions of an R&R to which a party objects are reviewed de novo, and the reviewing judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). Because Mr. Johnson is pro se, his objections will be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Johnson points to his inability to maintain a stable address, his mental illness, and his lack of appointed counsel as reasons not to dismiss his case. (Doc. No. 36 at 1.) First, as to Mr. Johnson's address, the Court understands that Mr. Johnson faces some uncertainty due to being in and out of custody or transferred between housing locations. But it is ultimately his responsibility as the plaintiff to actively prosecute and monitor his case, which includes keeping the Court up to date on his current address so he can receive court orders and other communications. *Medicine v. Pine Cnty. Sheriff's Off.*, Civ. No. 22-2953 (NEB/LIB), 2023 WL 4907782, at *2 (D. Minn. June 27, 2023) (collecting cases), *report and recommendation adopted sub nom. Dakota Kalob Med. v. Gavzy*, Civ. No. 22-2953 (NEB/LIB), 2023 WL 4902162 (D. Minn. Aug. 1, 2023). Accordingly, his assertion that "the Courts made a mistake and put the wrong address on the envelope" for delivering the R&R is due only to his failure to provide the Court his current address.

Next, to the extent that Mr. Johnson's objection amounts to another request to appoint counsel, that request is denied. The Court has informed Mr. Johnson that he is not entitled to appointed counsel in a civil matter. (*See* Doc. Nos. 17, 32.) Judge Schultz previously denied Mr. Johnson's original motion to appoint counsel early in this matter

2

because the complexity of Mr. Johnson's case did not outweigh his ability to articulate his claims and communicate with the Court. (*See* Doc. No. 17.) Mr. Johnson has not provided new or different information to support a different determination.

Mr. Johnson reiterates that he does not understand court rules or legal procedure. But his pro se status does not remove the duty to comply with court orders and procedural rules. *See Fonchenela v. Wal-Mart Stores, Inc.*, Civ. No. 19-2774 (DWF/TNL), 2021 WL 1961672, at *2 (D. Minn. May 17, 2021) (collecting cases). And even so, Mr. Johnson knew enough to request an extension of his motion to dismiss response deadline, but then failed to give the Court the necessary information to receive any order ruling on his request and apparently failed to monitor his case. As a result, he effectively disappeared from this matter for months and failed to respond to Defendants' motion even with the court-ordered extension. Those failures are sufficient to dismiss his case for lack of prosecution. *See Medicine*, 2023 WL 4907782, at *3 (collecting cases). However, this case will be dismissed without prejudice. If Mr. Johnson pursues his claims again, the Court notes that this Order does not rule on the merits of his claims, nor does this Order in any way indicate the viability of his claims.

## ORDER

Based on the R&R of the Magistrate Judge, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Eugene Johnson's Objection to Report and Recommendation (Doc. No. 36) is **OVERRULED**;

2. The August 3, 2023 Report and Recommendation (Doc. No. 35) is

**ACCEPTED**;

3. Defendants' Motion to Dismiss (Doc. No. 24) is **DENIED as moot**; and

4. This case is **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for failure to prosecute. This dismissal shall not operate as an adjudication on the merits.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: September 6, 2023        *s/ Jerry W. Blackwell*
                               JERRY W. BLACKWELL
                               United States District Judge